Matter of 174th TIC Owner LLC v Niblack (2024 NY Slip Op 04734)

Matter of 174th TIC Owner LLC v Niblack

2024 NY Slip Op 04734

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, Michael, JJ. 

Index No. 161172/22 Appeal No. 2658 Case No. 2023-03127 

[*1]In the Matter of 174th TIC Owner LLC, et al., Petitioners-Appellants,
v
Preston Niblack, etc, et al. Respondents-Respondents.

Koffsky Schwalb LLC, New York (Steven A. Weg of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (John D'Baptist of counsel), for respondents.

Judgment (denominated a decision and order), Supreme Court, New York County (Sabrina Kraus, J.), entered May 24 2023, denying the petition to vacate, annul, or reverse a September 2, 2022 determination by respondent New York City Department of Finance (DOF), which denied petitioners' application to correct an alleged clerical error, to remand to DOF to apply an increase in the physical value of petitioners' property and a J-51 tax exemption, and for a writ of mandamus compelling DOF to place an increase in the physical value of the property nunc pro tunc, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly determined that petitioners' application challenging the alleged overassessment of its property, resulting from the failure to apply an increase in the physical value of the property and an exemption following certain renovation work, was reviewable exclusively under RPTL article 7 (see Matter of Bajraktari Realty Corp. v Soliman, 223 AD3d 556, 556 [1st Dept 2024]).
In addition, petitioners entered into a settlement agreement with the New York City Tax Commission, in the 2019/2020 tax year, in which they agreed to waive their rights to further review of the current and prior assessments. This agreement forecloses judicial review of the 2019/2020 and prior tax year assessments (see Matter of Oversight Mgt. Servs., LLC v Soliman, 220 AD3d 445 [1st Dept 2023], lv denied 41 NY3d 910 [2024]).
Alternatively, we find that petitioners failed to demonstrate that DOF's determination, that there was no clerical error or error of description, was arbitrary and capricious (see Bajraktari at 556-557).
We have considered petitioners' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024